IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-332-D
No. 5:20-CV-114-D

| | |
|---|---|
| JAMIE BROOKS FRANKLIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On March 23, 2020, Jamie Brooks Franklin ("Franklin") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 45]. On May 18, 2020, Franklin filed a motion to extend time to respond [D.E. 51]. On June 15, 2020, the government moved to extend time to respond [D.E. 52]. On June 16, 2020, the government moved to dismiss Franklin's section 2255 motion [D.E. 53] and filed a memorandum in support [D.E. 54]. On June 22, 2020, Franklin moved for an extension of time to respond [D.E. 56]. On July 16, 2020, Franklin responded in opposition to the government's motion to dismiss [D.E. 57]. As explained below, the court grants Franklin's motions to extend time, grants the government's motions to extend time and to dismiss, and dismisses Franklin's section 2255 motion.

I.

On January 23, 2018, pursuant to a written plea agreement [D.E. 14] Franklin pleaded guilty to receipt of child pornography. See Rule 11 Tr. [D.E. 39] 2–26. On July 11, 2018, the court held Franklin's sentencing hearing and calculated Franklin's advisory guideline range to be 210 to 240 months. See Sentencing Tr. [D.E. 40] 1–16. After considering all relevant factors under section

3553(a), the court varied downward and sentenced Franklin to 180 months' imprisonment. See id. at 38–45. Franklin appealed [D.E. 35]. On April 11, 2019, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Franklin's plea agreement and affirmed this court's judgment. See United States v. Franklin, 764 F. App'x 378, 379 (4th Cir. 2019) (per curiam) (unpublished).

In Franklin's section 2255 motion, he argues that his attorneys provided ineffective assistance of counsel at the sentencing hearing by failing to investigate adequately the five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B). See [D.E. 45] 4, 9–10.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case.

2

See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Franklin must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty and

3

challenges his guilty plea under 28 U.S.C. § 2255, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1965 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

As for prejudice arising from alleged deficient performance at sentencing, a defendant must prove the existence of a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 956 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Where counsel's error resulted in an improper guideline calculation, the error "can, and most often will be sufficient" to satisfy the defendant's burden as to prejudice. Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016); see United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); Carthorne, 878 F.3d at 469–70. However, if the district court announces a substantively reasonable alternative, variant sentence independent of the advisory guideline calculation, there is no prejudice. See, e.g., Molina-Martinez, 136 S. Ct. at 1346–47; Feldman, 793 F. App'x at 173–74.

Franklin pleaded guilty to violating 18 U.S.C. § 2252(a)(2), including all of its elements. See Rule 11 Tr. [D.E. 39] 13–26. During Franklin's Rule 11 proceeding, Franklin swore that he understood the charge to which he was pleading guilty. See id. at 13–15. Franklin also swore that he was fully satisfied with his lawyer's legal services, that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement,

4

and that the plea agreement constituted the entire agreement that he had with the government. See id. at 2–26. Franklin also swore that he understood that the court could sentence him up to the statutory maximum on the count of conviction, and that if the court did so, Franklin could not withdraw his guilty plea. See id. at 16–18.

Franklin's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Franklin admitted to the charged crime. Franklin's sworn statements also show that Franklin understood that, even if he received a statutory-maximum sentence on the count of conviction, he could not withdraw his guilty plea and would not be able to go to trial. Accordingly, to the extent Franklin challenges his guilty plea, Franklin has not plausibly alleged "that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Franklin would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Thus, Franklin cannot show prejudice from the alleged error, and any claim challenging his guilty plea fails.

Franklin's claim challenging his sentence fails. Defense counsel's investigation and sentencing presentation concerning U.S.S.G. § 2G2.2(b)(3)(B) were reasonable and fall within the wide range of professional performance. See, e.g., Strickland, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."). At sentencing, defense counsel appropriately challenged the enhancement under U.S.S.G. § 2G2.2(b)(3)(B) and

5

focused on the legal argument whether the enhancement applied. See Sentencing. Tr. at 4–16. In focusing on the law rather than the facts, counsel made an appropriate tactical decision about how to make the objection while preserving acceptance of responsibility and the possibility of a downward variance. See id.; cf. Strickland, 466 U.S. at 690. In focusing on the law rather than the facts, counsel recognized that Franklin had admitted to agents on the day of the search of his residence that he traded links for his and others' Dropbox accounts so that he could view child pornography that others had collected and others could view the child pornography that he had collected. See Presentence Investigation Report ("PSR") [D.E. 18] ¶ 6. The court properly overruled the objection. See United States v. McManus, 734 F.3d 315, 319 (4th Cir. 2013); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009); United States v. Hecht, 470 F.3d 177, 182–83 (4th Cir. 2006). Nonetheless, counsel preserved Franklin's acceptance of responsibility and obtained a downward variance. Thus, there was no deficient performance. See Strickland, 466 U.S. at 689–700.

Alternatively, any claim challenging Franklin's sentence due to U.S.S.G. § 2G2.2(b)(3)(B) fails due to a lack of prejudice. At Franklin's sentencing hearing, the court thoroughly considered defense counsel's arguments concerning U.S.S.G. § 2G2.2(b)(3)(B) before properly rejecting the arguments. See Sentencing Tr. at 4–16; McManus, 734 F.3d at 319; Layton, 564 F.3d at 335; Hecht, 470 F.3d at 182–83. Moreover, in announcing Franklin's sentence, the court expressly stated that if it had incorrectly calculated the advisory guideline range, it would still have imposed the 180-month sentence. See Sentencing Tr. at 46; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). In light of this court's alternative, variant sentence, regardless of the court's ruling concerning U.S.S.G. § 2G2.2(b)(3)(B), Franklin would have received the same sentence. See id. Thus, even if there was

deficient performance concerning U.S.S.G. § 2G2.2(b)(3)(B), there was no prejudice. See, e.g., Molina-Martinez, 136 S. Ct. at 1346–47; Feldman, 793 F. App'x at 173–74.

After reviewing the claim presented in Franklin's motion, the court finds that reasonable jurists would not find the court's treatment of Franklin's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the Franklin's motions for an extension [D.E. 51, 56], GRANTS the government's motions for an extension of time and to dismiss [D.E. 52, 53], DISMISSES Franklin's section 2255 motion [D.E. 45], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 19 day of August 2020.

JAMES C. DEVER III
United States District Judge